**Mario A. WILLIAMS, Plaintiff–Appellant,**

v.

**Alvaro C. TRAQUINA; et al., Defendants–Appellees.**

**No. 13–15112.**

United States Court of Appeals, Ninth Circuit.

Submitted June 25, 2014.*

Filed July 2, 2014.

Mario A. Williams, Vacaville, CA, pro se.

Susan Eileen Coleman, Esquire, Senior Litigation, Mitchell Aaron Wrosch, Burke, Williams & Sorensen, LLP, Los Angeles, CA, for Defendant–Appellee.

---

** The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

### MEMORANDUM **

California state prisoner Mario A. Williams appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ford v. City of Yakima,* 706 F.3d 1188, 1192 (9th Cir.2013) (cross-motions for summary judgment). We affirm.

The district court properly granted summary judgment for defendants because Williams failed to raise a genuine dispute of material fact as to whether defendants caused any delay in scheduling his back surgery. *See Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir.2011) (requirements for establishing supervisory liability); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1061 (9th Cir.2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations."). Moreover, to the extent that defendants took any action in connection with Williams's back surgery, Williams failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference. *See Toguchi v. Chung,* 391 F.3d 1051, 1057–58, 1060 (9th Cir.2004) (deliberate indifference is a high legal standard, and is met only if the defendant knows of and disregards an excessive risk to the inmate's health; a

mere difference in opinion concerning the course of treatment is insufficient).

## AFFIRMED.

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).